# Exhibit "A"

FILED: NASSAU COUNTY CLERK 12/15/2015 06:21 PM

NYSCEF DOC. NO. 1

INDEX NO. 608068/2015
RECEIVED NYSCEF: 12/15/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | | |
|---|---|---|
| JOSHUA TOBON | | ) |
| | Plaintiff, | ) |
| | | ) |
| -against- | | ) |
| | | ) |
| AR RESOURCES, INC. | | ) |
| | | ) |
| | Defendant. | ) |
| | | ) |

**SUMMONS**

Index No._____

Veunue is designated in Nassau
County based on Plaintiff's
residence in Nassau County

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint
of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address
indicated below within 20 days after the service of this Summons (not counting the day of
service itself), or within 30 days after service is complete if the Summons is not delivered
personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered
against you by default for the relief demanded in the complaint.

Dated: December 15, 2015

Matthew Sarles, Esq.
*Attorneys for Plaintiff*
RC Law Group, PLLC
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 Ext. 224



Defendant's Residence Address:
PO Box 1056
Blue Bell, PA 19422

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------x

JOSHUA TOBON

                               Plaintiff,

Index No: _____

**COMPLAINT**

      -v.-

AR RESOURCES, INC.

                            Defendant.

-------------------------------------------------------------------x

      Plaintiff Joshua Tobon ("Plaintiff"), by and through his attorneys, RC Law Group, PLLC, as and for his Complaint against Defendant AR Resources, Inc. ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

    2.    Plaintiff is a resident of the State of New York, County of Nassau, residing at 2402 8th Street, East Meadow, NY.

2

3.     Defendant is a business corporation, organized and existing under the laws of the state of Pennsylvania, with an address at PO Box 1056, Blue Bell, PA, and is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## FACTUAL ALLEGATIONS

4.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

5.     On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

6.     The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.     On or around January 30, 2015, Defendant mailed a letter (the "Letter") to Plaintiff, seeking collection of the Alleged Debt.

8.     The Letter included a credit card payment option, stating "If you wish to pay by credit card, complete the credit card information below, tear off and return in the enclosed envelope. A $5.00 convenience fee should be added to all transactions."

9.     The $5.00 convenience fee was not expressly authorized by the agreement creating the Alleged Debt, and is not otherwise authorized by law.

10.     As a result of Defendant's unfair debt collection practices, Plaintiff has been damaged.

3

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

11.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

12.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).

13.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

14.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

4

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment from the Defendant as follows:

a)      For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)      For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)      For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)      A declaration that the Defendant's practices violated the FDCPA; and

e)      For any such other and further relief, as well as further costs, expenses and
          disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
          December 15, 2015

RC Law Group, PLLC
By: Matthew Sarles, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 ext. 224
Fax: 201.282.6501

5

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** Nassau
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x

Joshua Tobon

              Plaintiff(s)/Petitioner(s),        Index No.  608068/2015

        - against -

AR Resources, Inc.

              Defendant(s)/Respondent(s).
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

      PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below.  Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

      Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties,  by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week.  There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket.  Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b,  any e-filing protocol that may have been promulgated by the court in question, and  the NYSCEF Website at www.nycourts.gov/efile.

Instructions

1.   Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2.   Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3.   Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4.   For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: 2/3/2016

_____ (Signature)          201-282-6500 _____ (Phone)

Matthew Sarles _____ (Name)          201-282-6501 _____ (Fax)

RC Law Group, PLLC _____ (Firm)          msarles@rclawgroup.com ____ (E-mail)

285 Passaic St. _____ (Address)

Hackensack, NY 07601 _____

Attorney(s) for Plaintiff _____

2/11/13

2